IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEMIRE SCHMEGLAR | ) | Judge Jack Schmetterer |
| | ) | |
| Debtor. | ) | BK Case No. 12-42283 |
| | ) | |

**CREDITOR'S RESPONSE TO DEBTOR'S MOTION TO SUPPLEMENT
OBJECTION TO CLAIM NUMBER 17-1**

NOW COMES Creditor, US Bank, N.A., as Trustee for Credit Suisse First Boston ARMT 2005-5 (hereinafter "US Bank"), by and through its attorneys, Freedman Anselmo Lindberg, LLC, and pursuant to this Court's Order of October 10, 2013, submits its Response to Lemire Schmeglar's ("Debtor") Motion to Supplement, and in support thereof, states as follows:

1. Debtor's Motion to Supplement seeks to incorporate two documents into his arguments. The first document, Exhibit A, is a September 27, 2013, correspondence from America's Servicing Company[1], the loan servicer for the above creditor (which is a "doing business as" trade name for Wells Fargo Bank, N.A.) ("ASC"). This recent correspondence acknowledges that loan modification documents were received by ASC and that due to Debtor's bankruptcy filing the mortgage foreclosure proceedings were suspended. Its relevance to the Objection is unclear and the motion does not explain why the document is necessary to the resolution of Debtor's objection to claim number 17-1.

2. Likewise, Debtor does not explain why Exhibit B, a copy of the foreclosure complaint, is relevant to the instant motion.

---

[1] Debtor incorrectly refers to ASC as American Servicing Company.

1

3. Debtor has failed to present any evidence that he sent actual notice of the Notice of Motion and Motion to Set Bar Date for Filing Proofs of Claim (Doc. 14) to ASC, Wells Fargo Bank, N.A. at the address specified, or to Creditor.

4. Under the Bankruptcy Rules, notice of the bankruptcy is not germane to the disposition of the instant motion. Rather, the question is whether the creditor received at least 21 days notice of the time fixed for filing proof of claims pursuant to Rule 3003(c). See Fed. R. Bankr. P. 2002(a)(7). Debtor sent notice to a variety of addresses, but none of which was the address to which Well Fargo or ASC informed Debtor that notice should be sent to.

5. "In general, due process requires notice that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' In other words, the notice must be such that it would reasonably inform the interested parties that the matter is pending and would reasonably allow the parties to 'choose for [themselves] whether to appear or default, acquiesce or contest.'" *In re Twins, Inc.*, 295 B.R. 568, 571 (Bankr. D.S.C. 2003) (*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950)).

6. The creditor herein, or its servicing agent, Wells Fargo Bank, N.A. doing business as America's Servicing Company, was entitled to official, formal notice of the bar date. This notice was required to be sent to the creditor at the address which Debtor was notified that correspondence should be mailed to. Rather, Debtor chose to mail notice to various addresses which were not proper. Debtor did not mail notice to address on the assignment of mortgage or the designated mailing address on the "hello" letter. See, Exhibit A to Creditor's Response brief.

7. For the reasons set forth above and in Creditor's response brief, Debtor's objection to US Bank's Claim should be overruled and the claim should be allowed.

Respectfully submitted,

US Bank, N.A., as Trustee for Credit Suisse First Boston ARMT 2005-5

By: /s/ Jonathan D. Nusgart .
Attorney for Defendant

Jonathan D. Nusgart  #6211908
jnusgart@fal-illinois.com
Nisha B. Parikh #6298613
nparikh@fal-illinois.com
Freedman Anselmo Lindberg, LLC
1771 W. Diehl Road, Suite 150
Naperville, IL 60566
630/453-6960
WB1304034

Certificate of Service:

I hereby certify that a true and accurate copy of the attached pleading was deposited in the United States mail, first class, postage prepaid and via CM/ECF to the following parties on October 17, 2013:

Lemire Schmeglar, 2715 North Paulina, Chicago, IL 60614
Michael V Ohlman, Forrest L. Ingram P.C., 79 W Monroe, Suite 1210, Chicago, IL 60603
Patrick S Layng, Office of the U.S. Trustee, Region 11, 219 S Dearborn St Room 873, Chicago, IL 60604
Codilis and Associates, 15W030 N Frontage Rd, Burr Ridge, IL 60527
Hoevel & Associates, 3725 N Western Ave, Chicago, IL 60618
Pierce and Associates, 1 N Dearborn St, Chicago, IL 60602
U.S. Trustee, 401 Main St., #1100, Peoria, IL 61602

/s/ Jonathan D. Nusgart